IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CV-32-D

| | | |
|---|---|---|
| MATTHEW KEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DIRTY SOUTH CUSTOM SOUND & | ) | |
| WHEELS, DIRTY SOUTH CUSTOMS, INC., | ) | |
| HISHAM BEDWAN, AMERICAN GENERAL | ) | |
| FINANCIAL SERVICES, ROBIN WORTHY, | ) | |
| and SHANNAN KING, | ) | |
| | ) | |
| Defendants. | ) | |

On March 19, 2009, defendant American General Financial Services of America, Inc. ("AGFS" or "defendant") filed a motion to dismiss plaintiff Matthew Key's first amended complaint. See Fed. R. Civ. P. 12(b)(6). On April 8, 2009, plaintiff Matthew Key ("Key" or "plaintiff") filed a response in opposition. On April 21, 2009, defendant replied. As explained below, the court grants defendant's motion to dismiss.

I.

In considering defendant's motion to dismiss, the court has applied the governing standard. See, e.g., Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–51 (2009); Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (per curiam); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 560–65 (2007); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). Under that standard, the court accepts the first amended complaint's factual allegations as true, but need not accept the legal conclusions drawn from the facts. Ashcroft, 129 S. Ct. at 1949–50; Giarratano, 521 F.3d at 302. Similarly, a court need not accept as true unwarranted inferences, unreasonable conclusions, or arguments. Giarratano, 521 F.3d at 302.

AGFS provides retail financing in North Carolina. Plaintiff contracted with defendant Dirty South Custom Sound & Wheels ("DSCSW") for window tinting and the installation of certain equipment in his car. See First Am. Compl. ¶ 13. Plaintiff contends that DSCSW botched the job and seeks damages from DSCSW and other defendants related to DSCSW. See id. ¶¶ 31–50. Plaintiff financed part of the purchase from DSCSW. See id. ¶ 11. Plaintiff contends that AGFS violated state and federal law in connection with the financing and seeks damages from AGFS. AGFS contends that plaintiff fails to state a claim upon which relief can be granted and seeks dismissal of plaintiff's claims against it [D.E. 14]. Not surprisingly, plaintiff opposes the motion to dismiss [D.E. 19].

In count two, plaintiff contends that AGFS' debt collection practices and credit reporting violated the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. Gen. Stat. §§ 75-1.1 et seq. See First Am. Compl. ¶¶ 76–85. To the extent that plaintiff bases this claim on AGFS' alleged credit reporting, however, the Fair Credit Reporting Act ("FCRA") preempts the claim. See, e.g., 15 U.S.C. § 1681t(b)(1)(F); Ross v. Wash. Mut. Bank, 566 F. Supp. 2d 468, 476, 478 (E.D.N.C. 2008); Joiner v. Revco Discount Drug Ctrs., Inc., 467 F. Supp. 2d 508, 518–19 (W.D.N.C. 2006). Moreover, to the extent that plaintiff relies on AGFS' debt collection practices, the North Carolina Debt Collection Act, N.C. Gen. Stat. §§ 75-50 et seq., provides the exclusive remedy under North Carolina law. See, e.g., N.C. Gen. Stat. § 75-56; Ross, 566 F. Supp. 2d at 479; DIRECTV, Inc. v. Cephas, 294 F. Supp. 2d 760, 765 (M.D.N.C. 2003); Friday v. United Dominion Realty Trust, Inc., 155 N.C. App. 671, 677–78, 575 S.E.2d 532, 536–37 (2003). Accordingly, the court grants AGFS' motion to dismiss count two.

In count three, plaintiff contends that AGFS violated N.C. Gen. Stat. § 75-54(4) by "falsely represent[ing] the character, extent or amount of [his] debt." First Am. Compl. ¶ 88. Section 75-54 provides:

No debt collector shall collect or attempt to collect a debt or obtain information

2

> concerning a consumer by any fraudulent, deceptive or misleading representation. Such representations include, but are not limited to . . .
>
>> (4) Falsely representing the character, extent, or amount of a debt against a consumer or of its status <u>in any legal proceeding</u>; falsely representing that the collector is in any way connected with any agency of the federal, State or local government; or falsely representing the creditor's rights or intentions.

N.C. Gen. Stat. § 75-54 (emphasis added). Because plaintiff's allegation in count three says nothing about a legal proceeding, plaintiff has failed to state a claim under section 75-54(4). See Friday, 155 N.C. App. at 678–80, 575 S.E.2d at 537–38. Accordingly, the court grants AGFS' motion to dismiss count three.

In count four, plaintiff alleges that AGFS failed to provide him with an adverse action notice after allegedly denying his application for credit, and thereby violated the FCRA. First Am. Compl. ¶¶ 14, 23, 96–103; see 15 U.S.C. § 1681m(a). He also alleges that AGFS defamed him by reporting the charges at issue to the credit reporting agencies when "it had conflicting statements that caused it to have serious doubts about whether the billing statements and charges were true." First Am. Compl. ¶ 96.

Plaintiff's FCRA claim against AGFS is not a model of clarity. Compare id. ¶ 99 (alleging generally that all defendants refused to extend credit to him), with id. ¶¶ 14, 22 (alleging that credit was extended to him). Critically, however, plaintiff specifically alleges that defendant Shannan King (a co-owner of DSCSW) — not AGFS — initially denied his application for credit. See id. ¶ 14. Accordingly, plaintiff has not plausibly alleged that AGFS took "adverse action" against him under the FCRA. See 15 U.S.C. §§ 1681a(k)(1)(A), 1691(d)(6); cf. Harper v. Lindsay Chevrolet Oldsmobile, LLC, 212 F. Supp. 2d 582, 591–92 (E.D. Va. 2002). Thus, plaintiff fails to state a FCRA claim in count four.

As for the alleged defamation referenced in count four, plaintiff seeks to avoid the FCRA's limitation of liability provision. Compare First Am. Compl. ¶ 96, with 15 U.S.C. § 1681h(e),[1] and Ross, 566 F. Supp. 2d at 477–78 (analyzing the limitation of liability provision in 15 U.S.C. § 1681h(e)). Specifically, plaintiff cites Exhibits A and B to his original complaint, contends that the documents are inconsistent, and asserts that AGFS had serious doubts about whether the documents were accurate and the charges true. See First Am. Compl. ¶ 96. The documents, however, do not support the allegation. Thus, the defamation claim fails to escape the effect of 15 U.S.C. § 1681h(e). See, e.g., Ross, 566 F. Supp. 2d at 477–78; see also Thompson v. Ill. Dep't of Prof'l Regulation, 300 F.3d 750, 754 (7th Cir. 2002); Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991).

Alternatively, plaintiff's defamation claim fails because he concedes that AGFS never reported to credit reporting agencies that his account was late or past due. See Pl.'s Mem. of Law in Opp'n to AGFS' Mot. to Dismiss 3. Rather, AGFS reported that plaintiff had an open account with AGFS. Such a statement is not defamatory as a matter of law. See, e.g., Renwick v. News & Observer Publ'g Co., 310 N.C. 312, 317–18, 312 S.E.2d 405, 409 (1984); Nucor Corp. v. Prudential Equity Group, LLC, 189 N.C. App. 731, 735–36, 659 S.E.2d 483, 486 (2008); Donovan v. Fiumara,

---

[1] (e) Limitation of liability

Except as provided in [15 U.S.C. §§ 1681n and 1681], no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to [15 U.S.C. §§ 1681g, 1681h, or 1681m], or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e).

114 N.C. App. 524, 527–28, 442 S.E.2d 572, 575 (1994). Accordingly, the court grants AGFS' motion to dismiss count four.

In count six, plaintiff alleges that AGFS violated the Truth in Lending Act ("TILA"). See First Am. Compl. ¶¶ 110–13. TILA requires "creditors" to disclose certain information about loan terms to a prospective borrower. See 15 U.S.C. §§ 1631–32, 1635; 12 C.F.R. §§ 226.17, 226.19. TILA defines "creditor." See 15 U.S.C. § 1602(f). Likewise, Regulation Z implements TILA and defines "creditor." See 12 C.F.R. § 226.2(a)(17)(i). Because the financing agreement between plaintiff and DSCSW establishes that AGFS was not the "creditor" under TILA, the claim fails. See Mem. of Law in Supp. of AGFS' Mot. to Dismiss Pl.'s First Am. Compl. [hereinafter "AFGS' Mem."], Ex. A (copy of financing agreement). Moreover, AGFS' status as an assignee does not change this result. See, e.g., Kinzel v. Southview Chevrolet Co., 892 F. Supp. 1211, 1215–16 (D. Minn. 1995). Accordingly, the court grants AGFS' motion to dismiss count six.

In count seven, plaintiff alleges breach of contract under North Carolina law. See First Am. Compl. ¶¶ 114–16. Plaintiff, however, concedes that he failed to comply with the contract's monthly payment obligation. See id. ¶ 27; AFGS' Mem., Ex. A. Accordingly, plaintiff fails to state a claim upon which relief can be granted. See, e.g., Schlieper v. Johnson, 672 S.E.2d 548, 553 (N.C. Ct. App. 2009); Poor v. Hill, 138 N.C. App. 19, 26, 530 S.E.2d 838, 843 (2000).

In count ten, plaintiff alleges that AGFS violated the North Carolina Retail Installment Sales Act ("RISA"), N.C. Gen. Stat. §§ 25A-1 et seq., by "fail[ing] to release its security interest once [he] paid all sums for which he was obligated." First Am. Compl. ¶ 126. The court, however, may take judicial notice that AGFS never took a security interest in plaintiff's household goods as reflected in the absence of any Article 9 financing statement on record in which plaintiff is named as the debtor. See Norfolk S. Ry. v. Shulimson Bros. Co., 1 F. Supp. 2d 553, 555 n.1 (W.D.N.C. 1998). Thus, plaintiff fails to state a claim upon which relief can be granted. Further, to the extent that

5

plaintiff relies on an alleged reference in his credit report to a security interest, the claim fails due to 15 U.S.C. § 1681t(b)(1)(F). See, e.g., Ross, 566 F. Supp. 2d at 476, 478. Accordingly, the court grants AGFS' motion to dismiss count ten.

In count twelve, plaintiff alleges: "Upon information and belief, Defendants' actions constituted a conspiracy. Defendants' false billing constitute actions in furtherance of that conspiracy and Plaintiff was injured as a result of that conspiracy when he acquired another loan in order to pay the bill." First Am. Compl. ¶ 134.

"To create civil liability for conspiracy there must have been a wrongful act resulting in injury to another committed by one or more of the conspirators pursuant to the common scheme and in furtherance of the objective." State ex rel. Cooper v. Ridgeway Brands Mfg., LLC, 362 N.C. 431, 444, 666 S.E.2d 107, 115 (2008) (quotation omitted). To state a claim for relief, the complaint must plausibly allege "(1) a conspiracy, (2) wrongful acts done by certain of the alleged conspirators in furtherance of that conspiracy, and (3) injury as a result of that conspiracy. Id.; see Ashcroft, 129 S. Ct. at 1949–51. Plaintiff's allegation of a civil conspiracy involving AGFS fails to state a claim upon which relief can be granted. Accordingly, the court grants AGFS' motion to dismiss count twelve.

II.

As explained above, AGFS' motion to dismiss plaintiff's first amended complaint [D.E. 13] is GRANTED, and the first amended complaint against AGFS is DISMISSED without prejudice.

SO ORDERED. This 3 day of June 2009.

JAMES C. DEVER III
United States District Judge